UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVAL WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>R. VELLA, et al.,<br><br>        Defendants. | CASE NO. 1:04-CV-05728-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Docs. 1 and 12) |

I.    Findings and Recommendations Following Screening of Complaint

    A.    Procedural History

Plaintiff Norvall Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 18, 2004. (Doc. 1.) On December 7, 2004, the court issued an order finding that plaintiff's complaint states a cognizable claim for relief against defendants Zamora, Fugate, Escamilla, Fiero, and Chrones for use of excessive force, in violation of the Eighth Amendment, but does not state any other claims upon which relief may be granted. (Doc. 8.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his Eighth Amendment claim. (Id.) On April 15, 2005, plaintiff notified the court that he wishes to proceed only on his cognizable Eighth Amendment claim. (Doc. 12.) Based on plaintiff's response to the court's order, this Findings and Recommendations now issues.

///

///

B.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.      Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Captain R. Vella, Associate Warden L. A. Chrones, Lieutenant W. R. Villareal, Sergeant J. Zamora, and Correctional Officers J. D. Fugate, S. Escamilla, and D. Fiero as defendants. Plaintiff is seeking money damages. The claims at issue in this action arise from an incident on July 24, 2003, in which plaintiff was pepper sprayed while in his cell in administrative segregation.

///
///
///

D. <u>Plaintiff's Claims</u>[1]

    1. <u>Eighth Amendment Claims</u>

        a. <u>Excessive Force</u>

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. <u>Hudson</u>, 503 U.S. at 7.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." <u>Id</u>. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. at 8 (quotations and citations omitted). With respect to excessive force claims, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id</u>. at 9; <u>see</u> also <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de minimis</u> uses of force, not <u>de minimis</u> injuries)).

Plaintiff's allegations that defendants Zamora, Fugate, Escamilla, and Fiero emptied their canisters of pepper spray into plaintiff's cell while plaintiff was talking to defendant Vella are sufficient to give rise to a claim for relief under section 1983 against defendants Zamora, Fugate, Escamilla, and Fiero for use of excessive force. Further, plaintiff's allegation that defendant Chrones, an associate warden, knew what was going on and should have stopped it but instead left

---

[1] Plaintiff's complaint also contains allegations on behalf of inmate Johnson. Although plaintiff describes inmate Johnson as a plaintiff, Johnson is not a party to this action. Therefore, the allegations relating to inmate Johnson are disregarded.

the building is sufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment under a theory of supervisory liability. However, plaintiff's allegations do not give rise to a claim for relief against defendants Vella and Villareal for use of excessive force. Plaintiff has not alleged any facts that support a claim that either defendant was involved in the alleged violation of plaintiff's rights.

      b.  Verbal Threat

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, plaintiff's allegation that defendant Villareal threatened him after the pepper spray incident does not give rise to a claim for relief under section 1983 for violation of the Eighth Amendment.

    2.  Due Process Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Although plaintiff alleges that the pepper spray incident violated his right to due process, plaintiff's allegations give rise to an Eighth Amendment claim, not a procedural due process claim.

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth

Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874.  Thus, plaintiff's allegations do not give rise to a substantive due process claim.

### 3. Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Although plaintiff alleges an equal protection claim, plaintiff has not alleged any facts that support a claim that his right to equal protection was violated by the pepper spray incident.

### 4. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Although plaintiff alleges a retaliation claim, plaintiff has not alleged any facts that support a claim for relief under section 1983 for retaliation.  To the extent that plaintiff is contending he had

a protected right to kick the door of his cell and that he was retaliated against for exercising this protected right, plaintiff's contention is wholly without merit.

        5.      <u>Assault and Battery</u>

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 1999); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). Plaintiff's allegations are sufficient to give rise to assault and battery claims against defendants Zamora, Fugate, Escamilla, and Fiero.

However, the California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6. To state a tort claim against a public employee, the plaintiff must allege compliance with the Tort Claims Act. <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing <u>Snipes v. City of Bakersfield</u>, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); <u>McQuoid v. Rubin</u>, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997). Plaintiff has not alleged compliance with the Tort Claims Act. For that reason, his complaint does not contain a cognizable claim for relief under state law for assault and battery.

    E.    <u>Conclusion</u>

The court finds that plaintiff's complaint states a cognizable claim for relief against defendants Zamora, Fugate, Escamilla, Fiero, and Chrones for use of excessive force, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not state any other claims upon which relief may be granted. The court provided plaintiff with the opportunity to file an amended complaint, but plaintiff opted to proceed only on his Eighth Amendment claim.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's complaint filed May 18, 2004, against defendants Zamora, Fugate, Escamilla, Fiero, and Chrones on plaintiff's Eighth Amendment excessive force claim;

///

    2.       Plaintiff's excessive force claim against defendants Vella and Villareal be dismissed for failure to state a claim upon which relief may be granted;

    3.       Plaintiff's verbal threat claim defendant Villareal be dismissed for failure to state a claim upon which relief may be granted;

    4.       Plaintiff's due process, equal protection, and retaliation claims be dismissed for failure to state a claim upon which relief may be granted;

    5.       Plaintiff's assault and battery claims against defendants Zamora, Fugate, Escamilla, and Fiero be dismissed for failure to state a claim upon which relief may be granted; and

    6.       Defendants Vella and Villareal be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **September 26, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE